IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK JULIO VICARY,   ) | |
|     Petitioner   ) | |
| ) | |
| v.   ) | C.A. No. 05-195 ERIE |
| ) | |
| JAMES VESHECCO,   ) | |
|     Respondent.   ) | |

**COMMONWEALTH'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS**

AND NOW, this 17th day of August, 2005 comes the Commonwealth, by and through Michael E. Burns, Assistant District Attorney in and for the County of Erie and, pursuant to the Order of this Court entered on June 23, 2005, files this Response to the instant Petition for Writ of Habeas Corpus, and in support thereof avers as follows:

    1. Petitioner filed a Petition for Writ of Habeas Corpus on or about June 6, 2005.

    2. Petitioner avers, and the Commonwealth has confirmed, that on October 29, 2004 Petitioner was sentenced to, and is currently serving, two consecutive terms of six (6) months incarceration in the Erie County Prison, for a total term of incarceration of twelve (12) months, for contempt of court for his failure to pay support as ordered at Docket Nos. DR911964 and NS 991349. The sentencing Orders of the Erie County Court of Common Pleas at each docket number are attached hereto as Commonwealth exhibits 1 and 2.

    3. Petitioner will be released prior to the expiration of the twelve month sentence if he pays his outstanding arrearages, or purges, in the amount of $1,739.11 at Docket No. DR911964 and in the amount of $1,574.27 at Docket No. NS991349.

    4. Petitioner has filed his Petition for Writ of Habeas Corpus within the time period prescribed by the applicable statute of limitations set forth in 28 U.S.C. §2244(d)(1).

5. 28 U.S.C. §2254(b)(1)(A) provides that an application for writ of habeas corpus shall not be granted unless the petitioner has exhausted the remedies available in the state courts. *Orban v. Vaughn*, 123 F.3d 727 (3d Cir. 1997), *cert. denied* __U.S.__, 118 S.Ct. 717 (1998).

6. As evidenced by Paragraph 9 of his petition, Petitioner did not file a direct appeal of his sentences in any state court. Therefore, Petitioner has failed to exhaust his state court remedies as required by 28 U.S.C. §2254(b)(1)(A).

7. Further, this Court is precluded from reviewing Petitioner's unexhausted claim under the "procedural default doctrine." Petitioner has procedurally defaulted his claims by failing to properly present them to all levels of Pennsylvania courts as mandated by Pennsylvania law. Under the "procedural default doctrine," a habeas petitioner's violation of a state procedural rule may constitute an independent and adequate state law ground for denial of federal review of a habeas petition. Further, Petitioner has not claimed that either of two exceptions - 1) "cause" and "actual prejudice" and 2) that failure to consider the claim will result in a "fundamental miscarriage of justice" - are applicable in his case. Therefore, Petitioner has failed to overcome procedural default.

8. The burden of proof in a habeas corpus proceeding is on the petitioner. *Romine v. Head*, 253 F.3d 1349 (11th Cir. 2001). The petitioner has the burden of establishing by a preponderance of the evidence the facts which support his claim for relief. *McKenzie v. McCormick*, 27 F.3d 1415 (9th Cir. 1994).

9. Petitioner states, as the ground for the petition, that the aforementioned sentence was illegal. Petitioner fails to state specifically the fact(s) that support(s) this ground.

10. 23 Pa.C.S. §4345(a) provides that a person who willfully fails to comply with a support order may be adjudged in contempt, and that contempt may be punishable by, *inter alia,*

imprisonment for a period not to exceed six months.  Therefore, the sentences imposed were not illegal.

     11.  Petitioner has failed to meet his burden of proof that he is in custody in violation of the Constitution or laws of the United States, as required by 28 U.S.C. §2254.

     12.  Accordingly, assuming *arguendo* that Petitioner has not exhausted his state court remedies, his claim is without merit.

     WHEREFORE, the Commonwealth respectfully requests that the Petition for Writ of Habeas Corpus be dismissed.

Respectfully submitted,

/s/ Michael E. Burns, Esq.
Assistant District Attorney
District Attorney's Office
Erie County Courthouse
Erie, PA 16501
(814) 451-6349
PA ID No. 57038

Dated: August 17, 2005