IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FRANK JULIO VICARY,<br>    Petitioner | )<br>)<br>) |
| vs. | )    C.A. No. 05-195 Erie<br>)    District Judge McLaughlin |
| WARDEN JAMES VESHECCO,<br>    Respondent. | )    Magistrate Judge Baxter<br>) |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION**

It is respectfully recommended that this *Petition for Writ of Habeas Corpus* be dismissed as moot. A certificate of appealability should be denied.

**II.    REPORT**

On June 25, 2005, Petitioner, then an inmate incarcerated within the Erie County Prison, petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that he was detained in violation of his Constitutional rights.

On October 29, 2004, Petitioner was sentenced to two consecutive terms of six months incarceration (for a total of twelve months incarceration) at the Erie County Prison for contempt of court for his failure to pay court-ordered child support.[1]  For the reasons set forth herein, this petition is now moot.[2]

---

[1] Petitioner had the possibility of release prior to the end of his twelve month sentence if he paid the outstanding arrearages of approximately $3300.

[2] This Court notes that Petitioner has not attempted to exhaust his state court remedies. The doctrine of exhaustion requires that the claims presented in a federal petition for writ of habeas corpus have been presented in substantially the same form to the state's highest court, with identity of both facts and legal theory. Bond v. Fulcomer, 864 F.2d 306 (3d Cir. 1989); see also Parker v. Kelchner, 429 F.3d 58 (3d Cir. 2005).

### A.     Mootness Doctrine

A prisoner may seek federal habeas relief only if he is in custody in violation of the constitution or federal law.  28 U.S.C. § 2254(a); Smith v. Phillips, 455 U.S. 209 (1982); Geschwendt v. Ryan, 967 F.2d 877 (3d Cir.), cert. denied, 506 U.S. 977 (1992); Zettlemoyer v. Fulcomer, 923 F.2d 284 (3d Cir.), cert. denied, 502 U.S. 902 (1991).  The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody.  Heck v. Humphrey, 512 U.S. 477 (1994); Allen v. McCurry, 449 U.S. 90 (1980) (the unique purpose of habeas corpus is to release the applicant for the writ from unlawful confinement); Wolff v. McDonnell, 418 U.S. 539 (1974) (basic purpose of the writ is to enable those unlawfully incarcerated to obtain their freedom); Preiser v. Rodriguez, 411 U.S. 475 (1973); United States v. Hollis, 569 F.2d 199, 205 (3d Cir. 1977).  The writ supplies the mechanism by which prisoners may challenge the length of their custodial term.  Fields v. Keohane, 954 F.2d 945, 949 (3d Cir. 1992); Barden v. Keohane, 921 F.2d 476 (3d Cir. 1991).  The remedy is to free an inmate from unlawful custody.

Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition.  Lane v. Williams, 455 U.S. 624 (1982).  The general principle derives from the case or controversy requirement of Article III of the U.S. Constitution.  "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate ... the parties must continue to have a personal stake in the outcome of the lawsuit."  Lewis v. Continental Bank Corp. 494 U.S. 472, 477-78 (1990).  In other words, "throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Id. at 477.  See also Spencer v. Kemna, 523 U.S. 1 (1998); Maleng v. Cook, 490 U.S. 488, 491-492 (1989) (habeas petitioner does not remain "in custody" under conviction after the sentence imposed has fully expired merely because of possibility that prior conviction will be used to enhance sentences imposed for any subsequent crimes of which he is convicted); United States v. Romera-Vilca, 850 F.2d 177, 179 (3d Cir. 1988) (prisoner's motion to vacate his conviction was not mooted when he was released from custody, where he faced

2

potential deportation as a collateral consequence of conviction).

The doctrine of collateral consequences is a narrow exception to the general mootness rule. The exception arises where a former prisoner can show that he will suffer some collateral legal consequences if the conviction is allowed to stand. See Carafas v. LaVallee, 391 U.S. 234 (1968). It is Petitioner's burden to demonstrate that collateral consequences exist to avoid having a case dismissed as moot. Spencer, 523 U.S. at 7.

Through the mere passage of time, this Court believes that Petitioner has obtained the requested relief as his maximum sentence has expired. In these circumstances, no live controversy remains. Thus, Petitioner's claim for relief is barred as moot unless he can demonstrate that he will suffer collateral consequences from the denial of federal habeas relief.

**B.     Certificate of Appealability**

Section 102 of the Antiterrorism and Effective Death Penalty Act (28 U.S.C. § 2253(as amended)) codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. Amended Section 2253 provides that "[a] certificate of appealability may issue ... only if the applicant has made a substantial showing of the denial of a constitutional right."  Where the federal district court has rejected a constitutional claim on its merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong..." Szuchon v. Lehman, 273 F.3d 299, 312 (3d Cir. 2001) quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000). A petitioner meets this standard if he can show that the issue "is debatable among jurists, or that a court could resolve the issue differently, or that the question deserves further proceedings." McCracken v. Gibson, 268 F.3d 970, 984 (10th Cir. 2001). Under 28 U.S.C. § 2253(c)(3), the district court must identify which specific issues satisfy the standard.

Because Petitioner's claim is moot, a certificate of appealability should be denied.

3

### III.    CONCLUSION

Because Petitioner's claim is now moot, this Court recommends that this *Petition for Writ ob Habeas Corpus* be dismissed.  A certificate of appealability should be denied.

In accordance with the Magistrate Act, 28 U.S.C. § 636 (b)(1) (B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten days from the date of service to file written objections to this Report and Recommendation.  Any party opposing the objections shall have seven days from the date of service of objections to respond thereto.  Failure to file timely objections may constitute a waiver of any appellate rights.


<u>S/ Susan Paradise Baxter</u>
SUSAN PARADISE BAXTER
Chief United States Magistrate Judge


Dated: August 1, 2006